**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **JERRY CLAY and RONNIE CHATHAM,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | **CIVIL ACTION NO. 09-183-CG-B** |
| | ) |
| **ALBERT WILLIAM RANDALL and JAMES E. SMITH, as Personal Representative of the Estate of Elizabeth Barry Randall, deceased** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER AND JUDGMENT**

This cause having come before the Court upon the joint motion and stipulation of all the parties for entry of a consent judgment, and the Court having considered and granted the joint motion, makes the following disposition of this case.

STIPULATED FACTS

The parties have agreed and stipulated that the following facts and circumstances, which support the entry of a consent judgment, are true and correct:

1.  Plaintiffs Jerry Clay and Ronnie Chatham ("Clay and Chatham") are resident citizens of the State of Mississippi, while defendants Albert William Randall and James E. Smith, as Personal Representative of the Estate of Elizabeth Randall, deceased ("Albert Randall" and "Smith, as Personal Representative") are resident citizens of the State of Alabama. The real property at issue is valued at far more than $75,000.

1

2.  The Property that is at issue in this action is the following described property, situated in Baldwin County, Alabama (the "Property"):

> The Northwest Quarter of the Southwest Quarter of the Northwest Quarter of Section 10, Township 8 South, Range 5 East, Baldwin County, Alabama; LESS AND EXCEPT a 30 foot easement running along the East side of said realty for road right-of-way.

3.  The property was, until shortly before her death, the residence of Elizabeth Randall. On October 30, 2006, Elizabeth Randall appears to have signed a warranty deed that on its face conveys the Property to Albert Randall; this deed is recorded as Instrument No. 1010924 in the Baldwin County Probate Records.

4.  Elizabeth Randall died on December 24, 2006, leaving a Will, which provided that her residence was to be sold by her Personal Representative, with the proceeds being divided between Olin D. Carmichael, Ronnie M. Randall, and Albert Randall.  The Will of Elizabeth Randall was admitted to Probate in Baldwin County, Alabama under Case No. 25,052, and Smith was appointed as Personal Representative.

5.  Issues had developed between Olin D. Carmichael, Ronnie M. Randall and the Personal Representative of the Estate, on one hand, and Albert Randall, on the other, about the circumstances underlying the deed from Elizabeth Randall to Albert Randall, including but not limited to whether that deed was properly notarized.

6.  In November, 2007, Smith, as Personal Representative, moved the Baldwin County Probate Court to declare the deed from Elizabeth Randall to Albert Randall null and void. Months before, however, on March 2, 2007, Albert Randall, pursuant to a contract of sale in the amount of $240,000, executed and delivered a warranty deed to the Property to Clay and Chatham; this deed is recorded as Instrument No. 1036326 in the Baldwin County Probate

Records.  In connection with their purchase of the Property, Clay and Chatham acted in good

faith and without knowledge or notice of any issues concerning the deed from Elizabeth Randall

to Albert Randall, and further, Clay and Chatham paid a fair price for the Property and were

purchasers for value.

7.  On December 14, 2007, the Probate Court of Baldwin County, in Case No. 25,052,

declared the deed from Elizabeth Randall to Albert Randall void; this Order was recorded as

Instrument No. 1091959, in the Baldwin County Probate Records.  Albert Randall appealed to

the Circuit Court of Baldwin County, which again (in Civil Action No. CV-2007-915) declared

the deed to be void, and a Notice of Lis Pendens was recorded by Smith, as Personal

Representative, as Instrument No. 1134885, Baldwin County Probate Records on August 28,

2008.  Albert Randall has appealed that decision and his appeal is pending before the Alabama

Court of Civil Appeals.

8.  Clay and Chatham, who possessed and improved the residence immediately following

their purchase, did not become aware of the foregoing allegations and circumstances until

October, 2008.  As they were not parties to any of the state court proceedings, they have

commenced this separate action.  Clay and Chatham have filed their own Notice of Lis Pendens

as Instrument No. 1171583, Baldwin County Probate Records.

9.  Clay and Chatham have proposed to pay to Smith, as Personal Representative, for the

benefit of the Estate of Elizabeth Randall, deceased, the sum of $30,000.00 in full settlement of

all claims by the Estate to the real property that is the subject of this action, but without prejudice

to any of the claims in state court by Smith, as Personal Representative against Albert Randall.

On his part, Smith, as Personal Representative has consulted with his own counsel and with the

beneficiaries of the Estate of Elizabeth Randall, and as a consequence, has concluded that under

all of the facts and circumstances of the litigation, the offer of settlement by Clay and Chatham is

fair and reasonable and should be accepted.  Among other things, Clay and Chatham had no

involvement in the matters and things alleged against Albert Randall, purchased for value and

without notice, and have possessed and improved the Property under a claim of right, so whether

Smith, as Personal Representative could prevail against them on the title issues is uncertain; all

things considered, a payment in the amount of $30,000 by Clay and Chatham is a sufficient

amount to adjust the equities between these parties so that Clay and Chatham shall have their

title to the Property confirmed.  Albert Randall has no objection to the proposed settlement, and

on their part, Clay and Chatham have agreed to dismiss their deed warranty claim against Albert

Randall without prejudice.  The parties have agreed that this settlement with Clay and Chatham

fully releases Clay and Chatham and the Property, but it shall not impair the rights of the Estate,

or heirs to the Estate, to fully litigate all claims pending or to be filed against others.

## JUDGMENT

After consideration of all the foregoing as well as the applicable law, the Court

**ORDERS, ADJUDGES AND DECREES AS FOLLOWS**:

1.  Jurisdiction of this action is proper by reason of diversity of citizenship and the

amount in controversy under 28 U.S.C. § 1332.

2.  As plaintiffs Clay and Chatham have agreed to pay the sum of $30,000 to Smith, as

Personal Representative, for the purpose of confirming their title to the Property, it is Ordered

that plaintiffs shall pay that amount to Smith, as Personal Representative, within 30 days of the

entry of this judgment.  See, e.g., Manning v. Wingo, 577 So. 2d 865, 869 (Ala. 1991)

(discussing equities of parties and payment to obtain title).

3.  In consideration of the equities of plaintiffs Clay and Chatham on one hand, and

defendant Smith, as Personal Representative, on the other, including the agreed payment of

$30,000, the Court enters judgment in favor of plaintiffs Clay and Chatham on all issues

involving the title to the Property as follows:

a.  Title to the Property, as above described, is quieted in favor of plaintiffs Clay and

Chatham and against all other parties to this action and their privies including all beneficiaries of

the Estate of Elizabeth Randall, deceased; this judgment resolves in favor of plaintiffs all issues

and disputes between the parties concerning any right, title, equity or claim of interest in or to

the Property;

b.  As title has been quieted in plaintiffs Clay and Chatham, and as they were not parties

to any of the proceedings in State Court, it is Declared and Determined that the various Orders

and Judgments in the Probate Court of Baldwin County under Case No. 25,052 and in the Circuit

Court of Baldwin County under Civil Action No. CV-2007-915 do not constitute adjudications

that are binding on plaintiffs Clay and Chatham, and none of such Orders and Judgments shall be

effective to impair plaintiffs' title to the Property as herein Decreed; and

c.  Consistently with all of the foregoing, the Order recorded as Instrument No. 1091959

and the Notice of Lis Pendens recorded as Instrument No. 1134885, Baldwin County Probate

Records, are both cancelled and declared to be of no effect.

4.  The Court is aware that, notwithstanding the resolution of the title to the Property in

favor of plaintiffs Clay and Chatham, there is ongoing litigation in state court between the other

parties concerning the propriety of the deed from Elizabeth Randall to Albert Randall, and, whether among other things Albert Randall must account to Smith, as Personal Representative, for the proceeds of the sale to Clay and Chatham.  The Court specifically finds that the Estate of Elizabeth Randall and the heirs to the Estate have reserved their rights to litigate all issues among themselves.  Although this Judgment represents an absolute and final determination of any claims and issues arising from the subject matter of this Case as to plaintiffs Clay and Chatham versus all defendants, it does not attempt to resolve the various matters pending in state court as to Albert Randall and Smith, as Personal Representative; the parties have agreed this Judgment shall be without prejudice to the state court dispute between defendants herein, and the Court concurs that resolution of the state court issues is not necessary to the relief granted here. Moreover, plaintiffs have agreed to simply dismiss their deed warranty claims against Albert Randall without prejudice.  Accordingly, all other claims for relief presented by the complaint herein are moot, are dismissed without prejudice, and no further relief is to be awarded to any party.

     5.  The parties shall bear their own costs.  This Order and Judgment, together with a Satisfaction or Receipt for plaintiffs' payment in the amount of $30,000, shall be recorded in the Baldwin County Probate Records.

     **DONE and ORDERED** one this 13th day of November, 2009.


          /s/ Callie V. S. Granade
          CHIEF UNITED STATES DISTRICT JUDGE